IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANDRE MCKENZIE,

    Petitioner,

v.                                                            CASE NO. 4:06-cv-00554-MP-EMT

WALTER A MCNEIL, et al.,

    Respondents.

_____/

## **O R D E R**

This matter is before the Court on Doc. 27, the Report and Recommendation of the Magistrate Judge, recommending that the petition in this case be dismissed. The Petitioner filed objections, Doc. 31, which the Court has considered. Having conducted a de novo review of the case, the Court concludes that the Report and Recommendation should be adopted and this petition denied.

Petitioner, who was convicted in Florida state court of shooting and killing a man, raises eight grounds for relief in his Amended Petition, Doc. 9. With regard to Grounds 2-6 and 8, the Court agrees with the Magistrate Judge that these claims were not fairly presented to the state court because Petitioner's counsel at the post-conviction hearing expressly waived them during the evidentiary hearing. Further, the Court agrees with the Magistrate Judge that Petitioner cannot make an ineffective assistance of counsel claim based on this action at the post-conviction hearing. The Supreme Court has held that "[t]here is no constitutional right to an attorney in state post-conviction proceedings," and "[c]onsequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." Coleman, 501 U.S. at

753–54; *see also* Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987); Murray v. Giarratano, 492 U.S. 1, 109 S. Ct. 2765, 106 L. Ed. 2d 1 (1989). "A petitioner cannot establish constitutionally ineffective assistance of counsel in state post-conviction proceedings because there is no constitutional right to an attorney in such proceedings." Jimenez v. Sec'y Dep't of Corr., 481 F.3d 1337, 1344 (11th Cir. 2007); *see also* Mize v. Hall, 532 F.3d 1184, 1191 (11th Cir. 2009). Because these claims were not fairly presented to the state courts, they cannot be considered by this Court.

In the only remaining ground, Petitioner contends he received ineffective assistance of counsel because defense counsel failed to object to an eyewitness' testimony that the eyewitness began talking with police only after another eyewitness had told police about the shooting, including the defendant and first eyewitness' presence at the scene (Doc. 9 at 4; Doc. 10 at 3–9). Petitioner contends that under state law, an out-of-court statement explaining an investigating officer's motive for investigating the defendant and relating accusatory information is inadmissible, even when offered for the purpose of explaining the logical sequence of events leading up to an investigation and arrest, because any probative value is outweighed by the prejudicial effect of such testimony (Doc. 10 at 3) (citing State v. Baird, 572 So. 2d 904 (Fla. 1990)). Petitioner therefore argues that his counsel should have moved to strike the testimony or for a mistrial. The Court agrees with the Magistrate Judge that it was a reasonable strategic decision by trial counsel to not object to the admitted testimony because the testimony provided five additional ways to impeach the first eyewitness' testimony. As such, counsel's performance was not deficient and the effect of the admission was not prejudicial to the Petitioner's case. Indeed, it may have been helpful in impeaching the main witness against Petitioner.

In sum, none of Petitioner's grounds provide a reason to grant habeas relief, and it is

hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 27, is adopted and incorporated herein.

2. The Amended Petition under 28 U.S.C. § 2254, Doc. 9, is denied. The Clerk is directed to close this file.

**DONE AND ORDERED** this  *11th*  day of March, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge